**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4189**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DURWOOD JOSEPH FIELDS,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:08-cr-00395-FL-1)

Submitted: April 27, 2011               Decided: May 20, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

M. Gordon Widenhouse, Jr., RUDOLF WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. George E.B. Holding, United States Attorney, Jennifer P. May-Parker, David A. Bragdon, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Durwood Joseph Fields was convicted after a jury trial of one count of possession of one or more firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court sentenced Fields to 120 months' imprisonment. Fields appeals, asserting that the district court erred in refusing his requested jury instruction on mere presence, denying his request to give the final closing argument, and in calculating his offense level under the U.S. Sentencing Guidelines Manual ("USSG") (2009) without a jury finding the facts supporting that level beyond a reasonable doubt. We affirm.

We review jury instructions in their entirety and as part of the whole trial to determine whether the district court adequately instructed the jury on the elements of the offense and the accused's defenses. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995). Both the decision whether to give a jury instruction and the content of that instruction are reviewed for abuse of discretion. United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009). To be entitled to a requested jury instruction, the party urging the instruction must establish a sufficient evidentiary foundation to support the instruction. United States v. Lewis, 53 F.3d 29, 33 n.8 (4th Cir. 1995). In reviewing whether there is a sufficient

2

evidentiary foundation for a requested instruction, we view the evidence in the light most favorable to the party requesting the instruction. See United States v. Giraldi, 86 F.3d 1368, 1376 (5th Cir. 1996). The refusal to give a requested jury instruction is reversible error only if the proposed instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." Passaro, 577 F.3d at 221 (internal quotation marks omitted).

The district court did not commit reversible error in refusing to give Fields' requested instruction that his mere presence at the scene of a crime was insufficient to show his guilt on the firearms offense. Fields' proposed instruction was not supported by the facts presented at trial. In short, there was no "scene of the crime" unless Fields possessed one or more firearms discovered in the residence where he was living. Absent Fields' possession, there simply was no crime that could be improperly attributed to him by his presence at the residence. Further, the district court's instructions regarding the possession requirement were adequate to prevent a conviction based solely on Fields' proximity to a firearm.

Fields also contends that the district court committed reversible error in denying his request to give the final closing argument. A district court possesses broad discretion to control closing argument, and its exercise of discretion will not be overturned absent a clear abuse. See United States v. Baptiste, 596 F.3d 214, 226 (4th Cir. 2010). A district court abuses its discretion when it fails or refuses to exercise its discretion, fails "adequately to take into account judicially recognized factors constraining its exercise" of discretion, or exercises its discretion based upon "erroneous factual or legal premises." James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). If a district court abuses its discretion in ruling with respect to closing argument, such an abuse will justify reversal of a conviction only if the ruling is prejudicial. United States v. Ollivierre, 378 F.3d 412, 417 (4th Cir. 2004), vacated on other grounds by Ollivierre v. United States, 543 U.S. 1112 (2005).

Rule 29.1 of the Federal Rules of Criminal Procedure provides that "[c]losing arguments proceed in the following order: (a) the government argues; (b) the defense argues; and (c) the government rebuts." Fed. R. Crim. P. 29.1. The Rule is designed to control the order of closing arguments and to permit the defendant to respond to the prosecution's argument in an informed manner. See id. advisory committee note (1974). Nothing in the record before us, however, suggests that these

4

core interests were invaded in this case. Further, although the Rule does not "limit the discretion of the trial judge[,] whose obligation it is to ensure a fair and orderly procedure in the closing arguments to the jury," United States v. Cardascia, 951 F.2d 474, 485 (2d Cir. 1991), Fields has not established that he was prejudiced by the district court's denial of his request for the final closing argument. Accordingly, the court's denial does not amount to reversible error.

Finally, we conclude that Fields' Sixth Amendment right to a jury trial was not violated when the district court increased his base offense level six levels under USSG § 2K2.1(b)(1)(C) based on facts it found by a preponderance of the evidence. The district court's application of the six-level enhancement did not result in a sentence greater than that authorized by the jury's verdict in this case. See 18 U.S.C. § 924(a)(2). Accordingly, the district court did not violate the Sixth Amendment in applying the Guidelines enhancement. See United States v. Booker, 543 U.S. 220, 232-44 (2005) (holding that judge-found sentence enhancements mandatorily imposed under the Guidelines that result in a sentence greater than that authorized by the jury verdict or facts admitted by the defendant violate the Sixth Amendment's guarantee of the right to trial by jury); see also Rita v. United States, 551 U.S. 338, 352 (2007) (recognizing that the Supreme Court's

5

"Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence"); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (recognizing only that "the Guidelines must be advisory, not that judges may find no facts").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED